**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SUMOTEXT CORP., <br>     Plaintiff, <br> v. <br> ZOOVE, INC., et al., <br>     Defendants. | Case No.  16-cv-01370-BLF <br><br> **ORDER GRANTING MOTION TO DISMISS BROUGHT BY DEFENDANTS ZOOVE AND VHT, AND JOINED BY DEFENDANTS STARSTEVE AND MBLOX, WITH LEAVE TO AMEND** <br><br> [Re:  ECF 71, 77, 80] |

On October 13, 2016, the Court heard oral argument regarding the motion to dismiss filed by Defendants Zoove, Inc. ("Zoove") and Virtual Hold Technology LLC ("VHT"), joined by Defendants StarSteve, LLC ("StarSteve") and mBlox, Inc. ("mBlox"), and opposed by Plaintiff Sumotext Corporation ("Sumotext").  At the end of the hearing, the Court stated its intention to grant the motion to dismiss with leave to amend, articulated numerous pleading defects that should be addressed in any amended pleading, and set a deadline of December 1, 2016 for the filing of an amended complaint.  The Court indicated that it would issue a brief written order memorializing its ruling.  Accordingly, for the reasons stated on the record and discussed below, the motion to dismiss is GRANTED WITH LEAVE TO AMEND.  The Court concludes that the joinders filed by StarSteve and mBlox are appropriate insofar as the claims addressed in the motion also are asserted against them.

**I.  BACKGROUND**

This action, which began as a fairly straightforward contract dispute, has morphed into a complex antitrust action that has spawned a sixty-plus page FAC containing ten claims against five defendants.  At the heart of the action are the various parties' rights to operate StarStar

numbers, which are vanity mobile dial codes such as "**LAW" and "**MOVE." Zoove has the exclusive rights to operate StarStar numbers for AT&T, Verizon Wireless, T-Mobile, and Sprint. Sumotext, a provider of mobile marketing software and services, built a business around leasing StarStar numbers from Zoove and then subleasing them to clients along with other services related to the StarStar numbers. Sumotext claims that VHT and StarSteve conspired to monopolize the market for StarStar numbers, and that in furtherance of that conspiracy VHT acquired Zoove from mBlox and caused Zoove to terminate Sumotext's StarStar leases unlawfully.

Zoove and VHT have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF 71), seeking dismissal of the claims against them, which include Claim 1 for breach of contract; Claim 3 for breach of the implied covenant of good faith and fair dealing; Claim 5 for unfair business practices under California Business & Professions Code § 17200; Claim 7 for tortious interference with contract; Claim 8 for anticompetitive denial of access to an essential facility in violation of the Sherman Act, Section 2; Claim 9 for conspiracy to monopolize in violation of the Sherman Act, Section 2; and Claim 10 for acquisition and merger likely to substantially lessen competition violation of the Clayton Antitrust Act. StarSteve and mBlox have filed joinders in that motion (ECF 77 and 80).

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

As noted above, the Court identified at the hearing those aspects of the FAC that require amendment. Before summarizing those defects here, the Court makes two general observations regarding the manner in which Sumotext has alleged its claims. The complaint is lengthy, containing 331 paragraphs that span 61 pages. In requesting more specificity regarding Sumotext's claims, the Court is not inviting a lengthier pleading. In part, the problem with the FAC is that all of the factual detail appears in the recitation of events preceding the claims, but the claims themselves are quite succinct. That manner of pleading requires the Court to guess which facts Sumotext intends to support each claim.

### A. Claim 1 – Breach of Contract

Turning to the claims that are the subject to the motion to dismiss, the Court first addresses Claim 1, alleging breach of contract by Zoove. Under California law, a plaintiff must plead and prove four elements: (1) a contract, (2) the plaintiff's performance or excuse for non-performance, (3) the defendant's breach, and (4) damages to the plaintiff from the defendant's breach. *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 66 Cal. App. 4th 1532, 1545 (1998). Sumotext alleges that Zoove breached "seven Post-Modification ASP Service Orders" by terminating Sumotext's StarStar leases. FAC ¶ 258, ECF 50. Sumotext also alleges that "Zoove breached its other agreements with Sumotext by shutting down the 'Toolkit' services." *Id.* ¶ 260. Sumotext has neither attached the relevant contracts to the FAC nor pleaded their terms with adequate particularity. The claim is subject to dismissal on that basis. *See McAfee v. Francis*, No. 5:11-CV-00821-LHK, 2011 WL 3293759, at *2 (N.D. Cal. Aug. 1, 2011) (contract claim failed to allege facts upon which relief could be granted where the agreements were not attached to the complaint and their essential terms were not alleged).

However, the Court denies the motion to dismiss to the extent that it is based upon Defendants' contention that termination of Sumotext's StarStar leases did not constitute an

actionable breach of contract because termination was permissible under the Terms of Service contained in the Master Services Agreement.  As noted, the essential terms of the contracts at issue have not been pled, and Defendants have not submitted copies of the contracts for consideration by the Court under the incorporation by reference doctrine.  Moreover, the Court is not persuaded that it would be appropriate to make the determination requested by Defendants at this stage of the proceedings.

### B.     Claim 3 – Breach of the Implied Covenant of Good Faith and Fair Dealing

As presently framed, Claim 3, alleging Zoove's breach of the implied covenant of good faith and fair dealing, alleges nothing beyond the breach of contract alleged in Claim 1 and thus is subject to dismissal as duplicative.  *See* FAC ¶¶ 269-272, ECF 50.  When the allegations of a claim for breach of the implied covenant "do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated."  *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990).  Moreover, Claim 3 does not allege with specificity which contracts are at issue or how Zoove has frustrated the purpose of those contracts.  *See Avidity Partners, LLC v. State of Cal.*, 221 Cal. App. 4th 1180, 1204 (2013) ("The implied promise of good faith and fair dealing requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement.") (internal quotation marks, citation, and alteration omitted).

### C.     Claim 5 – Unfair Competition

Claim 5 alleges that Zoove engaged in unfair and unlawful business practices in violation of California's Unfair Competition Law, California Business & Professions Code § 17200.  However, Sumotext fails to allege with specificity what conduct forms the basis for this claim, alleging only in general terms that Zoove's "conduct described in this Complaint that is inconsistent with normal industry practices" is unlawful, unfair, and fraudulent.  FAC ¶¶ 280-81.  These allegations are insufficient to meet even the lenient standards of Federal Rule of Civil Procedure 8(a), and also are insufficient to meet the more stringent requirements of Federal Rule

4

of Civil Procedure 9(b), which are applicable to claims asserted under the fraud prong and under the unfair prong to the extent the alleged unfairness is based upon fraudulent conduct. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (allegations of fraud, and allegations of unfairness if based on fraud, must satisfy the heightened pleading standard of Rule 9(b)).

### D. Claim 7 – Tortious Interference with Contract

Claim 7 alleges that VHT and StarSteve tortiously interfered with valid and enforceable contracts between Sumotext and its customers. Under California law, the elements of the tort of intentional interference with a contract are: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *United Nat. Maintenance, Inc. v. San Diego Convention Center, Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014). For the most part, the Court is satisfied that this claim is pled adequately. However, since it will be amending its pleading for other reasons, Sumotext may wish to add additional specificity regarding VHT's conduct as opposed to that of StarSteve.

### E. Claims 8, 9, and 10 – Antitrust

Claim 8 alleges that VHT and StarSteve denied Sumotext access to an essential facility, the National Mobile Dial Code Registry, in violation of the Sherman Act, Section 2. Claim 9 alleges a conspiracy to monopolize StarStar numbers in violation of the Sherman Act, Section 2. And finally, Claim 10 alleges that "[b]y financing the acquisition of Zoove through an entity they control, VHT and StarSteve have made an acquisition that is likely to substantially lessen competition in the market for leasing, subleasing, and syndicating StarStar numbers." FAC ¶ 323, ECF 50.

Sumotext has not alleged fact sufficient to show injury to competition, which is required for all three claims. *See Paladin Assocs., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1158 (9th Cir. 2003) ("Where the defendant's conduct harms the plaintiff without adversely affecting competition generally, there is no antitrust injury."). Moreover, it is unclear which Defendants participated in the alleged conspiracy. Although Sumotext's counsel stated at the hearing that

5

Sumotext intended to allege that mBlox was a co-conspirator, and that counsel believed those allegations to be present in the FAC, the Court finds the allegations of the FAC to be confusing and contradictory on that point. The Court also finds the allegations of the relevant market to be unclear, and it disagrees with Sumotext that the relevant market need not be alleged at the pleading stage. *See Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1044 & n.3 (9th Cir. 2008) (a plaintiff alleging a claim under either Section 1 or Section 2 of the Sherman Act must allege the existence of a relevant market and that the defendant has power within that market). Sumotext's counsel indicated that Sumotext could add additional allegations to, and could clarify, the antitrust claims if given leave to amend.

## IV. ORDER

Accordingly, for the reasons discussed above,

(1) The motion to dismiss is GRANTED WITH LEAVE TO AMEND consistent with this order;

(2) Any amended complaint shall be filed on or before December 1, 2016; and

(3) Leave to amend is limited to the claims asserted by Plaintiff in its FAC; Plaintiff may not add new claims or parties without express leave of the Court.

Dated: November 3, 2016

_____
BETH LABSON FREEMAN
United States District Judge