UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUMOTEXT CORP., <br><br> Plaintiff, <br><br> v. <br><br> ZOOVE, INC., et al., <br><br> Defendants. | Case No.  16-cv-01370-BLF <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** <br><br> [Re:  ECF 125] |

Plaintiff Sumotext Corporation moves to file under seal Exhibits 1, 3, 6, 12, 15-18, and 20 to a proposed second amended complaint which Sumotext has submitted to the Court along with a motion for leave to amend its pleading.  Sumotext takes no position on the sealability of the exhibits in question, but it brings the sealing motion because Defendants have designated the subject documents as confidential.  For the reasons discussed below, the motion is GRANTED as to Exhibits 1 and 12 and DENIED as to Exhibits 3, 6, 15-18, and 20.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition to satisfying the "compelling reasons" test, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

Where the moving party requests sealing of documents because they have been designated confidential by another party under a protective order, the burden of establishing compelling reasons for sealing is placed on the designating party. Civ. L.R. 79-5(e). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

## II.   DISCUSSION

Sumotext's proposed second amended complaint and the exhibits thereto are more than tangentially related to the merits. Therefore, the "compelling reasons" standard applies. As discussed above, Sumotext's motion is based on Defendants' designation of the subject documents as confidential. It therefore is Defendants' burden to establish compelling reasons to seal the documents by means of a declaration filed within four days after Plaintiff's filing of the administrative motion. *See* Civ. L.R. 79-5(e)(1).

Defendants timely filed the declaration of Wes Hayden on January 9, 2017. Mr. Hayden is the Chief Executive Officer of Defendant Virtual Hold Technology, LLC ("VHT"). Hayden Decl. ¶ 2, ECF 126. He describes the contents of Exhibits 1 and 12 to Sumotext's proposed second amended complaint, represents that those documents contain sensitive, confidential, and proprietary information regarding VHT and related entities, and states that disclosure of Exhibits 1 and 12 could provide competitive advantage to VHT's competitors. *Id.* ¶¶ 3-4. Mr. Hayden's declaration is sufficient to establish that Exhibits 1 and 12 are sealable. Accordingly, Sumotext's

2

1  motion is GRANTED as to Exhibits 1 and 12 to Sumotext's proposed second amended complaint.

2  Neither VHT nor any other defendant submitted a declaration regarding Exhibits 3, 6, 15-
3  18, and 20 to Sumotext's proposed second amended complaint.  Accordingly, Sumotext's motion
4  is DENIED as to those documents.   Sumotext may file those document in the public record no
5  earlier than four days, and no later than ten days, after entry of this order.  *See* Civ. L.R. 79-
6  5(e)(2).

**III.  ORDER**

Sumotext's administrative motion to file documents under seal is GRANTED as to Exhibits 1 and 12 to Sumotext's proposed second amended complaint and DENIED as to Exhibits 3, 6, 15-18, and 20 to Sumotext's proposed second amended complaint.

Dated: January 10, 2017

_____
BETH LABSON FREEMAN
United States District Judge