UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUMOTEXT CORP.,<br><br>    Plaintiff,<br><br>    v.<br><br>ZOOVE, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-01370-BLF<br><br>**ORDER DENYING SUMOTEXT CORPORATION'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[Re: ECF 160] |

    Plaintiff Sumotext Corporation has filed an administrative motion to seal Exhibit E to the Declaration of Julie D. Greathouse, filed in support of Sumotext's reply regarding its motion to amend its pleading. *See* Admin. Motion, ECF 160. Sumotext states that it does not agree that Exhibit E contains sealable material, but it has filed the administrative motion to seal because Exhibit E has been designated as confidential by Defendants.

    "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

    In addition to satisfying the "compelling reasons" test, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the

identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

Where the moving party requests sealing of documents because they have been designated confidential by another party, the burden of establishing compelling reasons for sealing is placed on the designating party. Civ. L.R. 79-5(e). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

Because Exhibit E is submitted in connection with briefing on Sumotext's motion for leave to amend its pleading, it is more than tangentially related to the merits of the case and therefore may be sealed only upon a showing of compelling reasons. No designating party has filed a declaration supporting the sealing of Exhibit E and the deadline to do so has elapsed. Accordingly, Sumotext's administrative motion to seal is DENIED. Sumotext may file the document in the public record no earlier than four days, and no later than ten days, after the date of this order.

**IT IS SO ORDERED.**

Dated: March 6, 2017

_____
BETH LABSON FREEMAN
United States District Judge