**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SUMOTEXT CORP., <br><br> Plaintiff, <br><br> v. <br><br> ZOOVE, INC., et al., <br><br> Defendants. | Case No. 16-cv-01370-BLF <br><br> **ORDER DENYING PLAINTIFF'S MOTIONS TO FILE DOCUMENTS UNDER SEAL** <br><br> [Re: ECF 185, 187] |

Plaintiff Sumotext Corporation has filed two administrative motion to file documents under seal. First, Sumotext seeks to seal certain exhibits attached to its Third Amended Complaint and portions of the Third Amended Complaint which quote from those exhibits. *See* Pl.'s Admin. Motion, ECF 185. Second, Sumotext seeks to seal certain exhibits attached to its Motion for Leave to File a Fourth Amended Complaint. *See* Pl.'s Admin Motion, ECF 187. Sumotext states that it has filed these administrative motions because the material addressed therein has been designated as confidential by Defendants.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Where the moving party requests sealing of documents because they have been designated confidential by another party, the burden of establishing an adequate basis for sealing is placed on the designating party. Civ. L.R. 79-5(e). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

Because the sealing requests relate to Sumotext's pleadings and exhibits thereto – documents that are more than tangentially related to the merits of the case – the compelling reasons standard applies. Defendants have not filed a declaration in support of sealing. Accordingly, Sumotext's administrative motions to seal are DENIED. Sumotext may file the documents in the public record no earlier than four days, and no later than ten days, after the date of this order.

**IT IS SO ORDERED.**

Dated: August 11, 2017

_____
BETH LABSON FREEMAN
United States District Judge