1    **UNITED STATES DISTRICT COURT**

2    **NORTHERN DISTRICT OF CALIFORNIA**

3    **SAN JOSE DIVISION**

4

5    SUMOTEXT CORP.,            Case No. 16-cv-01370-BLF

6          Plaintiff,

7                    **ORDER GRANTING MBLOX'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**

        v.

8    ZOOVE, INC., et al.,        [Re: ECF 208]

9          Defendants.

10

11        Defendant Mblox, Inc. moves to file under seal Exhibit 1 to Mblox's Response in

12    Opposition to Motion for Leave to File Fourth Amended Complaint. *See* Mblox Motion, ECF

13    208. Exhibit 1 is a confidential stock purchase agreement between VHT StarStar, LLC and Mblox

14    for the acquisition of Zoove, Inc. ("Stock Purchase Agreement").

15        "Historically, courts have recognized a 'general right to inspect and copy public records

16    and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of*

17    *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

18    U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are

19    "more than tangentially related to the merits of a case" may be sealed only upon a showing of

20    "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

21    1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed

22    upon a lesser showing of "good cause." *Id.* at 1097.

23        Sealing motions filed in this district must be "narrowly tailored to seek sealing only of

24    sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part

25    must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-

26    5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain

27    documents as confidential is not sufficient to establish that a document, or portions thereof, are

28    sealable." *Id.*

These standards are met here.  The Stock Purchase Agreement is more than tangentially related to the merits because it is relevant to the Court's determination whether Sumotext Corporation may amend its pleading.  Therefore, the "compelling reasons" standard applies. Mblox has submitted the declaration of its corporate representative, Bruce Bales, who states that the Stock Purchase Agreement contains confidential details regarding the transaction, including the purchase price, financial information, tax information, information regarding carrier contracts, and information regarding third parties.  Bales Decl. ¶ 3.  Mr. Bales states that the information is confidential and proprietary to Mblox, VHT StarStar, and Zoove, and that the information could provide an advantage to competitors.  *Id.*  The request is narrowly tailored in that the confidential information appears throughout the Stock Purchase Agreement and thus it would not be practicable to redact the information in lieu of sealing the entire document.

Accordingly, Defendant Mblox's motion to seal is GRANTED.

**IT IS SO ORDERED.**

Dated:  September 15, 2017

BETH LABSON FREEMAN
United States District Judge