UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUMOTEXT CORP., <br>     Plaintiff, <br> v. <br> ZOOVE, INC., et al., <br>     Defendants. | Case No. 16-cv-01370-BLF <br><br> **ORDER VACATING HEARING ON SUMOTEXT'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; DENYING MOTION; AND DIRECTING SUMOTEXT TO FILE UNREDACTED AND REDACTED VERSIONS OF ITS OPERATIVE THIRD AMENDED COMPLAINT SEPARATELY IN THE DOCKET** <br><br> [Re: ECF 186] |

Plaintiff Sumotext Corporation ("Sumotext") has filed a Motion for Leave to File Fourth Amended Complaint which is set for hearing on September 28, 2017. *See* Motion for Leave, ECF 186. The motion is hereby SUBMITTED without oral argument and the hearing date is VACATED. *See* Civ. L.R. 7-1(b). The motion is DENIED for the reasons discussed below.

In reviewing the record, the Court discovered that Sumotext's operative third amended complaint is not filed separately; it appears only as an exhibit to Sumotext's Administrative Motion to File Documents Under Seal. *See* Admin. Motion, ECF 185. For the sake of clarity, Sumotext is DIRECTED to file unredacted and redacted versions of its third amended complaint separately in the docket.

**I.  BACKGROUND**

The facts of this case are well-known to the parties and need to be repeated in full here. In brief, the action involves the rights to operate StarStar numbers, which are vanity mobile dial codes such as "**LAW" and "**MOVE." Prior to this litigation, Sumotext leased numerous StarStar numbers from Defendant Zoove, Inc. ("Zoove"), now doing business as "StarStar Mobile." Zoove has exclusive rights to operate StarStar numbers for AT&T, Verizon Wireless,

T-Mobile, and Sprint. Sumotext built a business around subleasing the StarStar numbers to customers while also providing additional services to those customers.

Sumotext alleges that the following entities violated state and federal laws in an effort to force Sumotext out of the StarStar market: Zoove, Mblox, Inc. ("Mblox"), Virtual Hold Technology, LLC ("VHT"), StarSteve LLC ("StarSteve), and VHT StarStar LLC ("VHT StarStar"). *See* Third Am'd Compl., ECF 185-4. On August 1, 2017, following dismissal of its second amended complaint with leave to amend, Sumotext submitted both a third amended complaint and the current motion for leave to file a fourth amended complaint.

Sumotext asserts the following claims in its operative third amended complaint: (1) breach of contract against Zoove; (2) breach of the implied covenant of good faith and fair dealing against Zoove; (3) tortious interference with contract against VHT, StarSteve, and VHT StarStar; (4) restraint of trade in violation of the Sherman Act § 1 against VHT, StarSteve, VHT StarStar, Zoove, and Mblox; and (5) conspiracy to monopolize and monopolization in violation of the Sherman Act § 2 against VHT, StarSteve, VHT StarStar, Zoove, and Mblox. *Id.* Sumotext also seeks leave to add four individual defendants to those claims: Steve Doumar ("Doumar"), President of Zoove, StarSteve, and VHT StarStar; Wes Hayden ("Hayden"), Chief Executive Officer ("CEO") of VHT, VHT StarStar, Zoove, and StarStar Mobile; Greg Garvey ("Garvey"), Chairman of the Board of Directors of VHT, VHT StarStar, Zoove, and StarStar Mobile; and Tom Cotney ("Cotney"), CEO of Mblox and Zoove. *See* Motion for Leave, ECF 186.

Defendants moved to strike Sumotext's motion for leave to file a fourth amended complaint, asserting that it was unfair to require them to file motions to dismiss the third amended complaint and then potentially motions to dismiss the fourth amended complaint if leave to amend were granted. *See* Motion to Strike, ECF 188. The Court held a Case Management Conference on August 17, 2017 to address the scheduling issues raised by Sumotext's simultaneous filing of its third amended complaint and request for leave to file a fourth amended complaint. *See* Minute Entry, ECF 198. The Court stayed Defendants' obligation to respond to the third amended complaint pending a ruling on Sumotext's motion for leave to file a fourth amended complaint. *Id.* Based on that ruling, Defendants withdrew their motion to strike. *Id.*

2

## II. LEGAL STANDARD

A party seeking to amend a pleading after the date specified in a scheduling order must demonstrate "good cause" for the amendment under Federal Rule of Civil Procedure 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal quotation marks and citation omitted).

If good cause is found, "the Court may then consider whether leave to amend should be granted pursuant to Rule 15(a)." *Thomas v. San Francisco Travel Ass'n*, Case No. 14-cv-03043-YGR, 2016 WL 861239, at *2 (N.D. Cal. March 7, 2016). "While leave to amend under Rule 15(a) is liberally granted, the Court still must evaluate whether there has been undue delay, bad faith, or a dilatory motive; repeated failure to cure deficiencies; prejudice to the defendant; or if the amendment would be futile." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

As Sumotext acknowledges, the stipulated scheduling order in this case set March 17, 2017 as the deadline to amend pleadings or add parties. Stipulated Schedule and Order, ECF 118. Accordingly, Sumotext must show that good cause exists for modification of the scheduling order and, if good cause is shown, that amendment is warranted under the *Foman* factors listed above.

Sumotext seeks leave to add four individual defendants: Doumar, Hayden, Garvey, and Cotney.[1] Sumotext does not claim prior ignorance regarding those individuals' identities or roles in the events giving rise to its claims. In fact, all four are identified by name in Sumotext's original complaint, first amended complaint, and second amended complaint, which were filed

---

[1] Sumotext states in its motion that it seeks to add four individual defendants *and* to remove two antitrust claims. Motion for Leave at 2, ECF 186. However, the operative third amended complaint omitted the two antitrust claims in question. Third Am'd Compl., ECF 185-4. Consequently, the only issue presented by Sumotext's motion is whether Sumotext should be granted leave to add the four individual defendants.

before the March 17, 2017 deadline for amendment. *See* Compl., ECF 1; First Am'd Compl., ECF 50; Second Am'd Compl., ECF 124. Specifics regarding the individuals' conduct are alleged in those prior pleadings. *See, e.g.,* Second Am'd Compl. ¶¶ 71, 78, 82, 113 (alleging that Doumar engaged in "illegal endeavor," used "false pretenses," "misrepresented" facts, and "pressured" StarStar customers); Second Am'd Compl. ¶¶ 97, 98, 100, 103, 113, 212 (describing Hayden's efforts to prevent contractual protection for Sumotext and to pressure StarStar customers); Am'd Compl. ¶ 248, 249 (alleging that VHT's conduct was "willfully and intentionally directed" by Garvey); Am'd Compl. ¶¶ 185-190 (alleging Cotney's knowledge of corporate defendants' intent to force Sumotext out of market, quoting Cotney as saying he would have preferred to keep that "cat in the bag," and stating that Defendant Mblox's actions "were willfully and intentionally directed by its President and CEO Tom Cotney").

In light of its prior allegations, Sumotext does not (and could not) argue that its proposed claims against the individuals arise from new information. Indeed, it appears that documents attached as exhibits to the proposed fourth amended complaint in support of Sumotext's claims was produced to Sumotext in 2015 and 2016. *See* Noorossadat Torabi Decl. ¶¶ 2-5, ECF 210. Sumotext does not submit any affidavits explaining what prevented it from adding the individual defendants when it amended its pleading to add corporate defendant VHT StarStar in January 2017. Nor does it appear that any such affidavit could be factually supported. Sumotext concedes in its motion that "these four individual parties [ ] were named in the allegations, although not as parties, in the prior complaints." Motion for Leave at 4, ECF 186. That Sumotext chose not to sue the individuals then, but wishes to do so now, does not satisfy Rule 16. *See, e.g., Gomez v. Great Am. Plumbing Co., Inc.*, No. 5:15-CV-02465-EJD, 2016 WL 3194363, at *2 (N.D. Cal. June 9, 2016) (Rule 16 not satisfied where plaintiffs failed to explain why they waited several months before seeking to add individual as a defendant despite knowledge that individual was part-owner of corporate defendant); *Felarca v. Birgeneau*, No. 11-CV-05719-YGR, 2016 WL 730069, at *2 (N.D. Cal. Feb. 24, 2016) (Rule 16 not satisfied where evidence giving rise to claims against corporate officers was provided to plaintiffs six months to a year before they filed motion for leave to amend).

4

Accordingly, Sumotext's motion for leave to file a fourth amended complaint is DENIED on the basis that Sumotext has not shown good cause for amendment as required under Rule 16.[2] Sumotext is DIRECTED to file unredacted and redacted versions of its operative third amended complaint separately in the docket. Defendants SHALL file responses to Sumotext's operative third amended complaint on or before October 3, 2017. *See* Civil Minutes, ECF 198 (Defendants' deadline to respond to third amended complaint stayed until fourteen days after ruling on motion for leave to file fourth amended complaint).

**IV. ORDER**

(1) Sumotext's motion for leave to file a fourth amended complaint is DENIED;

(2) Sumotext is DIRECTED to file unredacted and redacted versions of its operative third amended complaint separately in the docket; and

(3) Defendants SHALL file responses to Sumotext's operative third amended complaint on or before October 4, 2017.

Dated: September 20, 2017

BETH LABSON FREEMAN
United States District Judge

---

[2] Because Sumotext has failed to make a threshold showing of good cause as required under Rule 16, the Court does not reach the issue of whether amendment would be warranted under Rule 15.

5