**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SUMOTEXT CORP., <br> Plaintiff, <br> v. <br> ZOOVE, INC., et al., <br> Defendants. | Case No. 16-cv-01370-BLF <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RELIEF FROM DISMISSAL ORDER** <br><br> [Re: ECF 274] |

On April 19, 2018, the Court issued an order dismissing Plaintiff's claims against Defendant Mblox without leave to amend ("Dismissal Order"). *See* Dismissal Order, ECF 251. Plaintiff has filed a motion pursuant to Civil Local Rule 7-9, seeking leave to file a motion for relief from the Dismissal Order. *See* Motion for Leave, ECF 274. Mblox has filed an opposition, which was not authorized by the Court and has not been considered. *See* Civ. L.R. 7-9(d).

Civil Local Rule 7-9 provides that, "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b)." Civ. L.R. 7-9(a). "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." *Id.*

In order to obtain leave to file a motion for reconsideration, the moving party must show one of the following: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b).

1  The Court granted Mblox's motion to dismiss Claims 4 and 5 under the Sherman Act – the
2  only claims asserted against Mblox – based on Plaintiff's failure to allege facts showing that
3  Mblox joined the alleged conspiracies. Dismissal Order at 13-15, ECF 251. In its motion for
4  leave, Plaintiff asserts that reconsideration of that ruling is warranted based on Defendant
5  StarSteve's recent production of a signed letter of intent ("LOI") executed by Defendants Mblox
6  and StarSteve. An unsigned version of the LOI was presented to and considered by the Court
7  prior to its dismissal of Mblox. Plaintiff asserts, however, that the Court gave little weight to the
8  unsigned LOI, and that the signed LOI constitutes new and material evidence of Mblox's
9  participation in the alleged conspiracies.

The Court accepts Plaintiff's representation that the signed LOI was produced to Plaintiff only recently and could not previously have been presented to the Court in the exercise of reasonable diligence. However, the signed LOI does not constitute evidence of a material difference in fact than was considered by the Court when it issued the Dismissal Order. While Plaintiff cites to excerpts of the transcript of the oral argument in which the Court questioned the weight to be accorded the unsigned LOI, the Court's written Dismissal Order makes clear that it assumed for purposes of analysis that Mblox and StarSteve in fact entered into the LOI. *See* Dismissal Order at 2 ("StarSteve entered into a letter of intent ("LOI") with Mblox in September 2015, outlining a deal in which StarSteve would acquire Mblox, StarSteve and Mblox would divide StarStar customers and territories, and other competitors would be barred from the market."); Dismissal Order at 14 (referring to "the September 2015 LOI between Mblox and StarSteve"). The Court found Plaintiff's allegation that Mblox and StarSteve had entered into the LOI – which the Court accepted as true – to be insufficient to suggest Mblox's participation in the alleged conspiracies, noting that "StarSteve did not go forward with the purchase of Zoove pursuant to the LOI," and that "the portion of the LOI referenced in the TAC is designated as non-binding." Dismissal Order at 14.

Ultimately, the Court concluded that Plaintiff was attempting to hold Mblox "liable for selling Zoove with knowledge that the buyers intended to breach Sumotext's contracts." Dismissal Order at 15. The Court noted that Plaintiff had not cited, and the Court had not

discovered, any case imposing antitrust liability in similar circumstances. *Id.* Absent such authority, the Court was "not persuaded that a seller's knowledge that the buyer may engage in illegal conduct renders the seller culpable." *Id.* Plaintiff's current offer of a signed version of the LOI does not undermine the Court's reasoning, as the Court accepted that Mblox and StarSteve had entered into the LOI. Because the signed version of the LOI does not constitute a material difference in fact, it does not satisfy the requirements of Civil Local Rule 7-9.

Accordingly, Plaintiff's motion for leave to file a motion for relief from the Dismissal Order is DENIED.

**IT IS SO ORDERED.**

Dated: September 18, 2018

_____
BETH LABSON FREEMAN
United States District Judge