UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUMOTEXT CORP.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ZOOVE, INC., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-01370-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 30 AND 31**<br><br>[Re: ECF 302] |

On January 8, 2019, Plaintiff filed a Motion for Leave to Take Additional Depositions, seeking leave of Court to take more than the presumptive limit of ten depositions permitted under Federal Rules of Civil Procedure 30(a)(2) and 31(a)(2). *See* ECF 302. The Court granted Plaintiff's unopposed request to shorten time for briefing and hearing. *See* ECF 306. Defendants VHT, VHT StarStar, and Zoove (collectively, "the VHT Defendants") filed opposition on January 12, 2019, and Defendant StarSteve filed a statement of non-opposition on January 13, 2019. The Court heard oral argument on January 16, 2019 and issued its ruling on the record. For the reasons stated on the record and memorialized below, the Court orders as follows:

**A.　Depositions by Oral Examination under Rule 30**

By the Court's count, Plaintiff seeks to take a total of eleven depositions by oral examination under Rule 30. The Court agrees with Plaintiff that the Rule 30(b)(6) deposition of the VHT Defendants properly is considered to be a single deposition rather than three depositions as argued by the VHT Defendants. The VHT Defendants have designated the same witnesses to speak for all three companies. The Court therefore agrees with Plaintiff's count of five depositions taken to date (Bruce Bales, Michael Caffey, Greg Garvey, Wes Hayden, and the VHT Defendants' Rule 30(b)(6) designee (partially completed)), and six future noticed depositions

1  (Steve Doumar, StarSteve's Rule 30(b)(6) designee, Tim Keyes, Ron Levitt, Tom Cotney, and
2  Spero Georgedakis).

3  It appears that all of these depositions can be completed by the February 1, 2019 discovery cut-off, or shortly thereafter by stipulation of the parties. The Court will consider, on a deposition-by-deposition basis, any reasonable stipulated request to go beyond the discovery cut-off if such request states with particularity who is being deposed, the date of the proposed deposition, and the reasons why it could not be completed prior to the discovery cut-off. Accordingly, while the Court is troubled that Plaintiff did not schedule its depositions until virtually the last possible dates under the case schedule and waited until the eve of the discovery cut-off to seek relief from the ten-deposition limit, the Court will grant Plaintiff leave to take eleven oral depositions.

### B. Depositions by Written Questions under Rule 31

Plaintiff also seeks leave to serve depositions by written questions under Rule 31 on five non-parties: AT&T, T-Mobile, Sprint, Verizon, and Rouben Haroutoonian. After researching the process of deposition by written questions, and discussing that process with counsel at the hearing, it is clear to the Court that permitting the requested depositions would require a modification of the existing case schedule to extend the February 1, 2019 discovery cut-off. At the earliest, the Rule 31 process would be completed by March 2019, and that is assuming that these five non-parties respond promptly without objections which would entail motion practice.

Plaintiff has not filed a motion to modify the case schedule to extend the discovery cut-off, nor would the Court grant such a motion under the circumstances presented here. Federal Rule of Civil Procedure provides that the case schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A "good cause determination focuses primarily on the diligence of the moving party." *Yeager v. Yeager*, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, the focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification . . . if that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (internal quotation marks, citation, and brackets omitted).

2

Plaintiff has not demonstrated the diligence necessary to meet the good cause standard. Discovery has been open since 2016, and Plaintiff has known the identities of the key witnesses in this case, including the four carriers, for years. Plaintiff's counsel explained at the hearing that it was her understanding she could not request leave to exceed the presumptive ten-deposition limit until Plaintiff was approaching that limit. When asked why the bulk of Plaintiff's depositions were not scheduled until the end of the discovery period, counsel explained that Plaintiff was awaiting documents from Defendants which had to be obtained through litigation before the magistrate judge. However, that explanation is insufficient to establish diligence, as it is unclear why Plaintiff's document requests were not made sufficiently early in the discovery process to permit a reasonable deposition schedule. Based on this record, the Court finds that Plaintiff has not demonstrated diligence and that good cause does not exist to modify the case schedule. Because modification of the case schedule would be required in order to grant Plaintiff's request for leave to serve depositions by written questions on the wireless carriers and Mr. Haroutoonian, that portion of Plaintiff's motion will be denied.

Accordingly, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART. Plaintiff may take eleven oral depositions, but Plaintiff may not serve depositions by written questions on the wireless carriers or Mr. Haroutoonian.

**IT IS SO ORDERED.**

Dated: January 16, 2019

BETH LABSON FREEMAN
United States District Judge