**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SUMOTEXT CORP., <br>           Plaintiff, <br> v. <br> ZOOVE, INC., et al., <br>           Defendants. | Case No. 16-cv-01370-BLF <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF A MAGISTRATE JUDGE** <br><br> [Re: ECF 323] |

Plaintiff Sumotext Corporation has filed a motion for relief (ECF 323) from a nondispositive pretrial ruling issued by Magistrate Judge Cousins (ECF 319). The motion is DENIED for the reasons discussed below.

**I.  BACKGROUND**

The ruling of Judge Cousins which Sumotext disputes addressed Sumotext's motion to compel production of documents in three categories: (1) all emails sent or received by Tim Keyes and Ron Levitt, from May 2015 to the present, that contain or reference any of fourteen specified Sumotext customers; (2) all documents reflecting communications with or shared with the same fourteen Sumotext customers for the period January 1, 2015 to the present; and (3) documents reflecting the amount and date of any payments to Tim Keyes, Ron Levitt, or Steve Doumar for salary, wages, or services rendered since May 2015. With respect to category 1, Sumotext also specifically requested recent emails referenced by Mr. Levitt in a particular email. Sumotext identifies Tim Keyes as the VHT Defendants' COO, Ron Levitt as the VHT Defendants' CFO, and Steve Doumar as StarSteve's CEO.

The parties' filed a joint statement of dispute before Judge Cousins on February 8, 2019 (ECF 316) and appeared for hearing before Judge Cousins on February 20, 2019 (ECF 319). At

the hearing, Defendants' counsel asserted that Defendants had produced all documents responsive to the request for the emails referenced in Mr. Levitt's email, but counsel agreed to conduct a further search and product additional documents responsive to that request if found. Defendants' counsel argued that the remaining requests were overly broad and that category 3 implicated privacy rights of non-parties. Plaintiffs' counsel argued that the document requests were narrowly tailored to discover relevant information.

Judge Cousins ruled from the bench, granting Sumotext's motion in part to the extent that Defendants had agreed review the production of documents referenced in Mr. Levitt's email and product any additional documents. Judge Cousins otherwise denied Sumotext's motion, holding as follows:

> As to the remaining requests, I deny them, finding that they are not proportional to the needs of the case. And the needs of the case at this moment are that you're at the end or past the end of the fact discovery time period. And I have for context the other discovery that has already taken place in the case, both ESI documents and depositions, so those things have already occurred.
>
> My main critique of these requests is that they're overly broad in time period, subject matter, and a lack of topic in the emails request and the documents requested. It just goes far beyond -- it might include some relevant information, but it also includes substantial material that in my assessment would not be relevant to any claim or defense in the case.
>
> So it's the breadth of what's being sought that is the core deficiency.
>
> On the last issue of the wage information, there, too, it might be relevant but, given the burden on the individuals to provide information and the breadth of what's being sought, I don't find it proportional to the needs of the case and there has been other opportunity for discovery on those topics, including depositions and earlier document requests. At this moment, given the stated need versus the burden and the context of where we are in discovery, the request is denied.

Hrg. Tr. 17:21 – 18:17, ECF 322. Judge Cousins memorialized his oral ruling in civil minutes entered on February 20, 2019 (ECF 319).

## II. LEGAL STANDARD

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "The district court

2

1 reviews the magistrate's order for clear error," and "may not simply substitute its judgment for
2 that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir.
3 1991).

**III. DISCUSSION**

Sumotext challenges Judge Cousins' ruling on two bases. First, Sumotext argues that "[t]he Magistrate's primary rationale for denying these requests – based on the 'timing of the requests' after fact discovery had ended – is contrary to law and is clearly erroneous. Second, Sumotext argues that Judge Cousins failed to properly consider the relevant factors under Federal Rule of Civil Procedure 26(b)(1). That rule provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Sumotext mischaracterizes Judge Cousins' ruling. As set forth above, Judge Cousins stated clearly that "it's the breadth of what's being sought that is the core deficiency." Judge Cousins explained that while "it might include some relevant information, but it also includes substantial material that in my assessment would not be relevant to any claim or defense in the case." With respect to the financial information of third parties, Judge Cousins did not find persuasive Sumotext's argument that the information was sought for the purpose of determining the corporate structure and relationships between the defendant entities. Judge Cousins stated that "given the stated need versus the burden and the context of where we are in discovery, the request is denied."

Accordingly, while Judge Cousins did reference the timing of the discovery dispute, that clearly was not the primary rationale for denying Sumotext's requests. The Court has reviewed Judge Cousins' ruling and the arguments of the parties without considering the timing of the request for discovery, and it concludes that Judge Cousins' determinations regarding breadth,

relevancy, and burden are appropriate considerations under Federal Rule of Civil Procedure 26(b) and thus are not contrary to law, and those determinations are not clearly erroneous. It is true that Judge Cousins did not expressly address all of the factors listed in Rule 26(b)(1), but Sumotext has not cited, and this Court has not discovered, any authority holding that a magistrate judge must do so. Moreover, as argued by Defendants' counsel at the hearing, Sumotext has not articulated an adequate basis for invading the privacy of the three non-party individuals by requiring production of their finances.

Sumotext's motion for relief from Judge Cousins' ruling is DENIED.

Dated: March 20, 2019

_____
BETH LABSON FREEMAN
United States District Judge