UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUMOTEXT CORP., <br> Plaintiff, <br> v. <br> ZOOVE, INC., et al., <br> Defendants. | Case No. 16-cv-01370-BLF <br><br> **OMNIBUS ORDER RE PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** <br><br> [Re: ECF 337, 339, 340, 342, 346, 347, 349, 355, 356] |

Before the Court are a number of administrative motions to file under seal which fall into two buckets: (1) sealing motions relating to Defendants' motion for summary judgment (ECF 337, 355, and 356); and (2) sealing motions relating to Plaintiff's *Daubert* motions regarding defense experts Greg J. Regan and Debra Aron, Ph.D. (ECF 339, 340, 342, 346, 347, and 349).

The sealing motions are GRANTED IN PART AND DENIED IN PART for the reasons discussed below.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id*. at 1097.

Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).  A party moving to seal a document in whole or in part

1  must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-
2  5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain
3  documents as confidential is not sufficient to establish that a document, or portions thereof, are
4  sealable." *Id*.

Where the moving party requests sealing of documents because they have been designated confidential by another party or a non-party under a protective order, the burden of establishing adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e). The moving party must file a proof of service showing that the designating party or non-party has been given notice of the motion to seal. *Id*. "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

## II. DISCUSSION

Because the parties' sealing motions relate to Defendants' motion for summary judgment, and expert opinions relevant to the motion for summary judgment, the Court finds that the compelling reasons standard applies. The Court's rulings on the sealing motions are set forth below.

### A. Sealing Motions Related to Defendants' Motion for Summary Judgment (ECF 337, 355, 356)

Defendants have filed a motion to seal exhibits submitted in support of their motion for summary judgment. *See* ECF 337. That motion to seal is opposed by Plaintiff. *See* ECF 343. Plaintiff argues that Defendants' sealing request is not narrowly tailored or supported by compelling reasons. Defendants move to seal 7 of 44 exhibits, and they do not move to seal any portion of their memorandum in support of their motion for summary judgment. The Court finds that Defendants have shown compelling reasons for sealing the 7 exhibits in question, as set forth in the chart below.

Plaintiff has filed a motion to seal portions of its memorandum and exhibits submitted in opposition to summary judgment. *See* ECF 355. Plaintiff's motion is based on confidentiality designations of Defendants and ex-Defendant Mblox. Plaintiff makes clear in its motion that it does not believe sealing is warranted, and that Defendants and Mblox have the burden of demonstrating adequate reasons for sealing. Counsel for Mblox received email service of Plaintiff's sealing motion via the Court's electronic filing system, but Mblox has not responded to Plaintiff's sealing motion. Accordingly, Mblox has failed to demonstrate that sealing is warranted as to documents for which it is the designating party. Defendants filed their own sealing motion in response to Plaintiff's sealing motion, requesting sealing of a narrower subset of documents than those identified in Plaintiff's motion. *See* ECF 356. The Court finds that Defendants have demonstrated compelling reasons for sealing that narrower subset of documents.

The sealing motions relating to the summary judgment briefing are GRANTED as to the redactions requested by Defendants, as set forth in the chart below, and otherwise are DENIED.

| ECF No. | Document(s) to be Sealed | Ruling | Reasoning |
|---|---|---|---|
| 337-4 | Bloch Decl. Exh. Y | GRANTED as to entire document. | Agreement between a current StarStar Mobile customer and Zoove Corp. Shows specific prices for a current customer through 2020. Public disclosure of this information would harm VHT StarStar. Hayden Decl. ¶ 2, ECF 337-1. |
| 337-6 | Bloch Decl. Exh. Z | GRANTED as to highlighted portions. | Document discloses VHT StarStar's commercial contracts with customers other than Sumotext, including sensitive personal information and proprietary business information. No sealing is sought as to Sumotext's contracts with its customers. Hayden Decl. ¶ 3, ECF 337-1. |
| 337-8 | Bloch Decl. Exh. AA | GRANTED as to highlighted portions. | Internal VHT StarStar email forwarding a pricing communication with a current** customer. VHT StarStar considers this document |

| | | | |
|---|---|---|---|
| | | | confidential and would be harmed if competitors in the market for mobile engagement were able to see its pricing negotiations with this customer. Hayden Decl. ¶ 4, ECF 337-1. |
| 337-10 | Bloch Decl. Exh. FF | GRANTED as to highlighted portions. | VHT StarStar's commercial contracts with customers other than Sumotext, and summaries of same, contain sensitive personal information and proprietary business information. Hayden Decl. ¶ 5, ECF 337-1. |
| 337-12 | Bloch Decl. Exh. GG | GRANTED as to highlighted portions. | StarStar Mobile's referral agreements with 17 referral agents, are treated as confidential and disclosure could harm StarStar Mobile's business. Hayden Decl. ¶ 6, ECF 337-1. |
| 337-14 | Bloch Decl. Exh. OO | GRANTED as to highlighted portions. | Contains confidential information regarding a contract between StarStar Mobile and a current customer. StarStar Mobile treats is customer contracts as confidential and would be harmed if competitors could see its contracts. Hayden Decl. ¶ 7, ECF 337-1. |
| 337-16 | Bloch Decl. Exh. PP | GRANTED as to highlighted portions. | Contains historical information about major customers that Defendants treat as confidential and competitively sensitive. Hayden Decl. ¶ 8, ECF 337-1. |
| 355-4 | Plaintiff's opposition to Defendants' motion for summary judgment | GRANTED as to portions highlighted by Defendants in ECF 356-48. | Memorandum quotes from confidential materials as to which the Court grants sealing. |
| 355-6 | Greathouse Decl. Exh. 7 | GRANTED as to portions highlighted by Defendants in ECF 356-4. | Discloses StarStar Mobile's future business plans. Hayden Decl. ¶ 2, ECF 356-1. |
| 355-7 | Greathouse Decl. Exh. 10 | GRANTED as to portions highlighted by Defendants in ECF 356-6. | Discloses StarStar Mobile's future business plans. Hayden Decl. ¶ 3, ECF 356-1. |

| | | | |
|---|---|---|---|
| 355-13 | Greathouse Decl. Exh. 13 | GRANTED as to portions highlighted by Defendants at ECF 356-8. | Discloses specific discounts and proprietary pricing information. Levitt Decl. ¶ 2, ECF 342-1. |
| 355-8 | Greathouse Decl. Exh. 15 | GRANTED as to portions highlighted by Defendants at ECF 356-10. | Discloses identify of potential customer. Hayden Decl. ¶ 4, ECF 356-1. |
| 355-8 | Greathouse Decl. Exh. 16 | GRANTED as to portions highlighted by Defendants at ECF 356-12. | Discloses specifics of contractual arrangements with mobile carriers. Hayden Decl. ¶ 5, ECF 356-1. |
| 355-8 | Greathouse Decl. Exh. 17 | GRANTED as to portions highlighted by Defendants at ECF 356-14. | Discloses specifics of pricing and contractual arrangements with potential ** customer. Hayden Decl. ¶ 6, ECF 356-1. |
| 355-9 | Greathouse Decl. Exh. 20 | GRANTED as to portions highlighted by Defendants at ECF 356-16. | Exhibit 20 is a compilation of unrelated emails. The defendants seek to seal only those portions revealing confidential business discussions, including prices and bank routing and account information. Doumar Dec. ¶ 13, ECF 356-2. |
| 355-9 | Greathouse Decl. Exh. 21 | GRANTED as to portions highlighted by Defendants at ECF 356-18 | Summary of events prepared by StarSteve in connection with fundraising for the acquisition of Zoove that includes valuation and investor information that is confidential could harm StarSteve if made public. Doumar Decl. ¶ 3, ECF 356-2. |
| 355-9 | Greathouse Decl. Exh. 22 | GRANTED as to portions highlighted by Defendants at ECF 356-20. | E-mail that included a draft of the Letter of Intent and that explains confidential internal negotiations regarding the structure of VHT StarStar, LLC and the possible financial arrangements among its owners. Doumar Decl. ¶ 4, ECF 356-2. |
| 355-9 | Greathouse Decl. Exh. 23 | GRANTED as to portions highlighted by | E-mail sent to investors for StarSteve that contains (a) a summary of business methods |

| | | | |
|---|---|---|---|
| | | Defendants at ECF 356-22. | that reflects strategic direction and key insights into business approaches, as well as financial summaries, all of which would be harmful if it were provided to competitors, as well as (b) a draft letter of intent with financial information regarding the VHT StarStar, LLC entity and the valuation of the business, which is also highly confidential and would be harmful if made public. Doumar Decl. ¶ 5, ECF 356-2. |
| 355-10 | Greathouse Decl. Exh. 26 | GRANTED as to portions highlighted by Defendants at ECF 356-24. | Contains information as to what ** numbers StarStar Mobile continues to be most valuable, which impacts pricing information. StarStar Mobile treats such internal information as highly confidential. Hayden Decl. ¶ 7, ECF 356-1. |
| 355-10 | Greathouse Decl. Exh. 27 | GRANTED as to portions highlighted by Defendants at ECF 356-26. | E-mail discussing the carrier relationships with Zoove for VHT StarStar's business going forward, treated as confidential. Doumar Decl. ¶ 6, ECF 356-2. |
| 355-10 | Greathouse Decl. Exh. 28 | GRANTED as to portions highlighted by Defendants at ECF 356-28. | Duplicate of Exh. 10 and sealable for same reasons. Hayden Decl. ¶ 3, ECF 356-1. |
| 355-11 | Greathouse Decl. Exh. 32 | GRANTED as to portions highlighted by Defendants at ECF 356-30. | E-mail sent to a potential investor in StarSteve, that contains (a) a summary of business methods that reflects strategic direction and key insights into business approaches, as well as financial summaries, all of which would be harmful if it were provided to competitors, (b) the summary of events discussed above, and (c) a draft letter of intent with financial information regarding the VHT StarStar, LLC entity and the valuation of the business, which is also highly confidential and would be harmful if made public. Doumar Decl. ¶ 7, ECF 356-2. |

| | | | |
|---|---|---|---|
| 355-11 | Greathouse Decl. Exh.33 | GRANTED as to portions highlighted by Defendants at ECF 356-32. | Communications regarding a potential investment (which did not occur) including (a) private financial account information and (b) details about StarSteve and its business activities and its financial structure which is confidential and would be potentially damaging to the Company's future efforts to raise money if publicly known. Doumar Decl. ¶ 8, ECF 356-2. |
| ECF 355-12 | Greathouse Decl. Exh. 35 | GRANTED as to portions highlighted by Defendants at ECF 356-34. | Financial due diligence report on Zoove, prepared by Mblox and furnished to VHT StarStar in November 2015. It contains highly detailed financial information concerning Zoove that would be damaging if known, even two or three years after the fact. Hayden Decl. ¶ 8, ECF 356-1. |
| ECF 355-13 | Greathouse Decl. Exh. 39 | GRANTED as to portions highlighted by Defendants at ECF 356-36. | Discloses StarStar Mobile's financial performance over time, customer and reseller business arrangements, particular business prospects, and problems with StarStar Mobile's vendors. Leavitt Decl. ¶ 3, ECF 342-1. |
| 355-14 | Greathouse Decl. Exh. 41 | GRANTED as to portions highlighted by Defendants at ECF 356-38. | E-mail regarding pricing for \*\*HYATT, which information is confidential competitive information and commercially sensitive. Doumar Decl. ¶ 9, ECF 356-2. |
| 355-15 | Greathouse Decl. Exh. 43 | GRANTED as to portions highlighted by Defendants at 356-40. | Email exchange disclosing pricing and contractual arrangements for a particular \*\* customer seeking to least particular \*\* numbers. Pricing discussions are treated as confidential by StarStar Mobile and would be harmful if revealed. Hayden Decl. ¶ 9, ECF 356-1. |
| 355-16 | Greathouse Decl. Exh.47 | GRANTED as to portions highlighted by Defendants at ECF 356-42. | Operating Agreement for VHT StarStar, LLC containing confidential information about the Company's ownership and financial structure. Doumar Decl. ¶ 10, ECF 356-2. |

7

| | | | |
|---|---|---|---|
| 355-16 | Greathouse Decl. Exh. 48 | GRANTED as to portions highlighted by Defendants at ECF 356-44. | Stock Purchase Agreement by which VHT StarStar acquired Zoove from Mblox. The Agreement specifies it is to remain confidential and it has been held in confidence. Hayden Decl. ¶ 10, ECF 356-1. |
| 355-16 | Greathouse Decl. Exh. 51 | GRANTED as to portions highlighted by Defendants at ECF 356-46 | Excerpts of Doumar deposition discussing ownership structure of StarSteve and identity of investors, all of which is and has been treated as confidential. Doumar Decl. ¶ 11, ECF 356-2. |

### B. Sealing Motions Related to Plaintiff's *Daubert* Motions (ECF 339, 340, 342, 346, 347, 349 )

Plaintiff filed two *Daubert* motions noticed for hearing on October 24, 2019, one directed to defense expert Greg J. Regan and the other directed to defense expert Debra Aron, Ph.D., each with a corresponding administrative sealing motion. *See* ECF 339, 340. Plaintiff's sealing motions were based on Defendants' confidentiality designations. Defendants filed their own sealing motion in response to Plaintiff's sealing motions. *See* ECF 342. The Court took the *Daubert* motions off-calendar because Plaintiff had not reserved the October 24, 2019 hearing date. *See* ECF 341.

Plaintiff thereafter reserved a hearing date of December 12, 2019 for its *Daubert* motions. Instead of simply re-noticing their *Daubert* motions, however, Plaintiff filed two new *Daubert* motions directed to defense experts Regan and Aron, each with a correspondent administrative sealing motion. *See* ECF 346, 347. Defendants filed their own sealing motion in response. *See* ECF 349.

As a result, the Court has been presented with six administrative sealing motions relating to Plaintiff's *Daubert* motions, a first set of motions (ECF 339, 340, and 342), and a substantially similar second set of motions (ECF 346, 347, and 349). The Court addresses only the second set of motions, but its rulings extend to the duplicate documents submitted with the first set of motions. Defendants request that the Court seal a narrower subset of the material identified in

8

Plaintiff's sealing motions. The Court finds that Defendants have demonstrated compelling reasons for sealing that narrower subset of material.

The sealing motions relating to the *Daubert* briefing are GRANTED as to the redactions requested by Defendants, as set forth in the chart below, and otherwise are DENIED. The Court's sealing order as to each specific document, for example, Exhibit 1 to the Regan *Daubert*, extend to all copies of the document filed at different ECF numbers.

| ECF No. | Document(s) to be Sealed | Ruling | Reasoning |
|---|---|---|---|
| 346-4 | Plaintiff's Motion to Exclude Certain Opinions of Greg J. Regan | DENIED. | Defendants, designating parties, do not seek sealing of any portion of the Motion to Exclude Certain Opinions of Greg J. Regan. *See* Levitt Decl. ¶ 2, ECF 349-1. |
| 346-6 | Exhibit 1 to Regan *Daubert* (Goedde expert report) | GRANTED as to portions highlighted by Defendants at ECF 349-3. | Discloses proprietary pricing information for StarStar Mobile that is treated as highly confidential and would cause harm to StarStar Mobile if revealed to competitors. Levitt Decl. ¶ 2, ECF 349-1. |
| 346-7 | Exhibit 2 to Regan *Daubert* (Regan expert rebuttal report) | GRANTED as to portions highlighted by Defendants at ECF 349-7. | Discloses details concerning the capitalization and value of StarStar Mobile, including specific revenues and specific amounts it has lost over time; StarStar Mobile's current customers, their average monthly fees, and their cancellation rates; and the specifics of StarStar Mobile's profit-share with the four major mobile carriers. This information is treated as confidential and could allow competitors to undercut StarStar Mobile if commonly known. Levitt Decl. ¶ 2, ECF 349-1. |
| 346-8 | Exhibit 3 to Regan *Daubert* (Goedde expert reply report) | DENIED. | Defendants, designating parties, do not seek sealing of any portion of the Goedde expert reply report. *See* Levitt Decl. ¶ 2, ECF 349-1. |

| | | | |
|---|---|---|---|
| 346-9 | Exhibit 4 to Regan *Daubert* (Regan deposition excerpts) | DENIED. | Defendants, designating parties, do not seek sealing of any portion of the Regan deposition excerpts. *See* Levitt Decl. ¶ 2, ECF 349-1. |
| 347-4 | Plaintiff's Motion to Exclude Certain Opinions of Dr. Debra Aron | DENIED. | Defendants, designating parties, do not seek sealing of any portion of the Motion to Exclude Certain Opinions of Dr. Debra Aron. *See* Levitt Decl. ¶ 3, ECF 349-1. |
| 347-6 | Exhibit 1 to Aron *Daubert* (Aron expert report) | GRANTED as to portions highlighted by Defendants at ECF 349-5 | Discloses the specific price paid for Zoove; the historical and current performance of the StarStar Mobile platform; specific StarStar Mobile customers or former customers and information about the particular commercial arrangement with those customers; specifics of StarStar Mobile's problems with carriers; and similar information that is treated as confidential and could cause competitive harm if commonly known. *See* Levitt Decl. ¶ 3, ECF 349-1. |
| 347-7 | Exhibit 2 to Aron *Daubert* (Sullivan expert reply report) | GRANTED as to portions highlighted by Defendants at ECF 349-9. | Discloses StarStar Mobile's revenues, loses, customer identities, specifics of commercial agreements, business prospects, and similar information that is treated as confidential and could cause competitive harm if commonly known. *See* Levitt Decl. ¶ 3, ECF 349-1. |

### III. ORDER

The parties' administrative motions to file under seal are GRANTED IN PART AND DENIED IN PART as set forth herein.

This order disposes of ECF 337, 339, 340, 342, 346, 347, 349, 355, and 356.

Dated: December 16, 2019

                                     BETH LABSON FREEMAN
                                     United States District Judge