**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SUMOTEXT CORP., <br> Plaintiff, <br> v. <br> ZOOVE, INC., et al., <br> Defendants. | Case No. 16-cv-01370-BLF <br><br> **ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO LIFT PROTECTIVE ORDER AS TO DEPOSITION TRANSCRIPTS** <br><br> [ECF 430] |

Before the Court is Plaintiff's motion to lift the protective order as to all deposition transcripts that were previously designated Attorneys' Eyes Only ("AEO") under the Protective Order in this case, ECF 205. *See* ECF 430 at 2. Specifically, Plaintiff says that it "intends to use deposition testimony to impeach testimony and refresh the memories of witnesses as necessary at trial." *Id.* Because Defendants did not file a motion to seal any deposition transcripts, Plaintiff believes that Defendants "may no longer maintain their formal or informal AEO designations on transcripts." *Id.* Plaintiff also alleges that many depositions were "never formally designated" as AEO under the procedures outlined by the Protective Order. *Id.*

First, as to Plaintiff's contention that Defendants failed to properly designate the transcripts as AEO, Plaintiff has not provided any evidence thereof. Meanwhile, Defendants have attached several deposition cover pages demonstrating compliance at least with the requirement that "Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material." ECF 205 at 4; *see* ECF 434-5. Consequently, the Court is unable to provide "confirmation that the materials are not properly designated and may be viewed by Mr. Miller." ECF 430 at 2.

Turning to Plaintiff's request to de-designate AEO material, the Protective Order lays out the process for challenging confidentiality designations. Pursuant to that process, the parties must

"provid[e] written notice of each designation it is challenging and describing the basis for each challenge." ECF 205 ¶ 6.2. The parties are then required to meet and confer "in good faith" regarding the dispute. *Id.* In conferring, "the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation." *Id.* The Challenging Party may seek judicial intervention only if it has first engaged in the meet and confer process or established that "the Designating Party is unwilling to participate in the meet and confer process in a timely manner." *Id.* ¶ 6.3. Plaintiff says the latter condition is present here: According to Plaintiff, it requested that Defendants review the deposition transcripts and indicate which testimony should remain protected at trial, but Defendants refused to do so. ECF 430 at 2. Specifically, Plaintiff's counsel attests that they "emailed with David Bloch, counsel for Defendants Zoove, Inc., Virtual Hold Technology, LLC, and VHT StarStar, LLC on Monday, February 10, 2020 and spoke again by phone on Tuesday, February 11, 2020." ECF 430-1 ¶ 5. Defendants respond that "Sumotext has not identified any specific sequences [of AEO testimony] that it wishes to use for cross-examination or other purposes" in the course of this dispute or its pre-trial deposition designations, ECF 393. ECF 434 at 2. As a result, Defendants say, it is Plaintiff who has failed to comply with the challenge process in the Protective Order. *Id.* at 4.

The Court will not lift the protective order as to all deposition transcripts. In the Court's view, the parties have not engaged in a good faith meet and confer; consequently, the instant dispute is not ripe for the Court's intervention. The Court agrees with Defendants that, as the party challenging the designations, Plaintiff is required to identify with reasonable specificity the portions of AEO testimony that it believes Mr. Miller needs to review "to prepare for trial." At that point, the "burden of persuasion" to establish good cause for continued protection rests with Defendants, the Designating Parties. *See* ECF 205 ¶ 6.3; *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). As it stands, there is no record upon which the Court can "examine factually all the risks and safeguards surrounding inadvertent disclosure" of the relevant testimony, as well as the impact of continued protection upon Plaintiff's "due process

2

1 right[] . . . to prosecute its claims." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). Plaintiff's motion is therefore DENIED.

The Court notes, however, that the AEO designation does not limit what Plaintiff may introduce at trial for impeachment or any other valid evidentiary purpose. *See* ECF 205 ¶ 3 ("Any use of Protected Material at trial shall be governed by a separate agreement or order."). As with the trial exhibits, Defendants must move to seal any portions of deposition testimony that they do not want disclosed at trial.

**IT IS SO ORDERED.**

Dated: February 20, 2020

_____
BETH LABSON FREEMAN
United States District Judge