**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SUMOTEXT CORP., <br><br> Plaintiff, <br><br> v. <br><br> ZOOVE, INC., et al., <br><br> Defendants. | Case No. 16-cv-01370-BLF <br><br> **ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AND COSTS** <br><br> [Re: ECF 483, 486] |

This order addresses two motions for attorneys' fees and costs, the first brought by Defendants Zoove, Inc., Virtual Hold Technology, and VHT StarStar (collectively, "Zoove"), and the second brought by Defendant StarSteve, LLC ("StarSteve"). *See* Zoove Mot., ECF 483; StarSteve Mot., ECF 486. The motions have been taken under submission without oral argument. *See* Order Submitting Motions, ECF 506.

The motions are DENIED for the reasons discussed below.

**I.   BACKGROUND**

Plaintiff Sumotext Corporation ("Sumotext") filed this action in March 2016, asserting breach of contract and related state law claims arising out of Zoove's termination of Sumotext's leases of StarStar numbers. *See* Compl., ECF 1. Several rounds of motion practice resulted in a third amended complaint ("TAC") containing several of the original state law claims as well as later-added federal antitrust claims. *See* TAC, ECF 218. In April 2018, the Court dismissed Defendant Mblox, Inc. from the action and denied the remaining Defendants' motions to dismiss the TAC, thus settling the pleadings. *See* Order, ECF 251. Zoove and StarSteve answered the TAC in May 2018, *see* Answers, ECF 252, 255, and the parties spent the next year on discovery. In August 2019, Sumotext dismissed its state law claims pursuant to a stipulation with Defendants,

leaving only two federal antitrust claims in the TAC: a claim for restraint of trade in violation of Section 1 of the Sherman Act, and a claim for conspiracy to monopolize and monopolization in violation of Section 2 of the Sherman Act. *See* Order Approving Joint Stipulation, ECF 335.

Defendants' motion for summary judgment on the antitrust claims was denied on December 20, 2019. *See* Order Denying Defendants' Motion for Summary Judgment, ECF 376 (sealed), 382 (public). On January 23, 2020, Defendants sent Sumotext an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68, offering to allow Sumotext to take judgment against all Defendants in the amount of $1.7 million. *See* Bloch Decl. ¶ 3 & Exh. A, ECF 483-1, 483-2. Sumotext did not respond to the Rule 68 offer, which expired two weeks later on February 5, 2020. *See* Bloch Decl. ¶ 4, ECF 483-1. A jury trial on Sumotext's antitrust claims commenced on February 24, 2020. *See* Minute Entry, ECF 454. On March 6, 2020, the jury rendered a verdict for Defendants and against Sumotext. *See* Jury Verdict, ECF 470. Judgment for Defendants was entered on the same date. Judgment, ECF 471.

Defendants thereafter filed the present motions, asking the Court to award them attorneys' fees and costs as sanctions for Sumotext's litigation conduct. Zoove requests an award in the amount of fees and costs incurred after expiration the Rule 68 offer – $648,688.26 in attorney and paralegal fees, and $117,171.41 in expert fees and costs. StarSteve requests an award in the amount of all fees and costs it incurred in the litigation, totaling $391,110.85.

**II.  LEGAL STANDARD**

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). "Each of these sanctions alternatives has its own particular requirements, and it is important that the grounds be separately articulated to assure that the conduct at issue falls within the scope of the sanctions remedy." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002). Defendants request sanctions under the second and third sources of authority.

Under § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[S]ection 1927 does not authorize recovery from a party or an employee, but only from an attorney or otherwise admitted representative of a party." *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) (quotation marks and citation omitted). "The imposition of any sanction under 28 U.S.C. § 1927 must be accompanied by a finding that the sanctioned attorney acted recklessly or in bad faith or committed intentional misconduct." *Edwards v. Alameda-Contra Costa Transit Dist.*, 796 F. App'x 461, 462 (9th Cir. 2020) (quotation marks and citation omitted).

Under its inherent authority, a district court may impose sanctions on a party or its counsel for bad faith conduct. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1183-84 (2017); *Roadway Express, Inc. v. Piper*, 447 US 752, 766 (1980). "Recklessness suffices for § 1927 sanctions, but sanctions imposed under the district court's inherent authority require a bad faith finding." *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010).

**III.   DISCUSSION**

Defendants ask the Court to award them attorneys' fees and costs under Federal Rules of Civil Procedure 54(d) and 68, 28 U.S.C. § 1927, and the Court's inherent power. The Court first addresses Rules 54(d) and 68, which do not confer authority on the Court to impose the sanctions requested here. The Court next addresses § 1927 and, finally, its inherent power.

**A.   Federal Rule of Civil Procedure 54(d)**

Defendants argue that Federal Rule of Civil Procedure 54(d) and Civil Local Rule 54-5 grant the Court discretion to award attorneys' fees and costs in appropriate circumstances. Rule 54(d) requires that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages," and it provides guidance as the timing and contents of such a motion. Fed. R. Civ. P. 54(d)(1), (2). Civil Local Rule 54-5 sets forth additional requirements for a Rule 54(d) motion. *See* Civ. L.R. 54-5.

3

While Rule 54(d) creates a mechanism for seeking attorneys' fees and costs, it does not create a right to recovery. *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999). "[T]here must be another source of authority for such an award." *Id.* at 1281. "The requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute or contract authorizing such an award." *Id.*

Zoove's motion was timely filed within fourteen days after entry of judgment. *See* Fed. R. Civ. P. 54(d)(2) (requiring that motion "be filed no later than 14 days after the entry of judgment"). StarSteve's motion was filed after the fourteen-day period, but the Court granted StarSteve's motion for an extension of time in light of the COVID-19 pandemic. *See* Order Granting StarSteve's Mot. for Extension, ECF 490. However, while Defendants' motions are properly before the Court, they cannot be granted absent an independent source of sanctioning authority.

### B.     Federal Rule of Civil Procedure 68

Defendants suggest that Federal Rule of Civil Procedure 68 provides a basis for awarding attorneys' fees and costs. That rule provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). Zoove cites Rule 68 in requesting an award of fees and costs incurred after expiration of Defendants' Rule 68 offer. *See* Zoove's Mot. at 1, ECF 483. While StarSteve requests all fees and costs incurred in the litigation, StarSteve makes alternative request for fees and costs incurred after expiration of Defendants' Rule 68 offer. *See* StarSteve's Mot. at 2, ECF 486.

Sumotext correctly points out that Rule 68 does not apply in this case because Defendants prevailed at trial. "Federal Rule 68 is inapplicable in a case in which the defendant obtains judgment." *MRO Commc'ns*, 197 F.3d at 1280. In their reply briefs, Defendants concede that Rule 68 does not provide an independent basis for awarding fees and costs here, but they argue

4

that the Court should take Sumotext's rejection of a seven-figure offer of judgment into account when considering whether to impose sanctions under § 1927 or the Court's inherent authority. *See* Zoove's Reply at 3-4, ECF 497; StarSteve's Reply at 18, ECF 501.

None of the cases cited by Defendants suggests that a plaintiff's rejection of a Rule 68 offer has any bearing on imposition of sanctions against the plaintiff for asserted litigation misconduct. Zoom's reliance on *Marek v. Chesny*, 473 U.S. 1 (1985), is misplaced. *Marek* addressed "whether attorney's fees incurred by a plaintiff subsequent to an offer of settlement under Federal Rule of Civil Procedure 68 must be paid by the defendant under 42 U.S.C. § 1988, when the plaintiff recovers a judgment less than the offer." *Marek*, 473 U.S. at 3. The Supreme Court answered that question in the negative, holding that "[c]ivil rights plaintiffs – along with other plaintiffs – who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed after the offer is rejected." *Id.* at 10. *Marek* has no application to the present case, which is not a civil rights suit and in which Defendants prevailed at trial. The other cases cited by Defendants likewise offer no support for their position. *See, e.g., Farr v. Healtheast, Inc.*, No. CIV. A. 91-6960, 1993 WL 220680, at *1 (E.D. Pa. June 9, 1993) (no mention of Rule 68 in order granting summary judgment for defendants and directing defendants to brief their request for attorneys' fees and costs under statute and the court's inherent power); *Wei v. Bodner*, No. CIV. 89-1137 (AET), 1992 WL 165860, at *8 (D.N.J. Apr. 8, 1992), *aff'd*, 983 F.2d 1054 (3d Cir. 1992) (no mention of Rule 68 in order awarding prevailing defendants attorneys' fees and costs under statute and Rule 11).

Moreover, in the Court's view, consideration of the Rule 68 offer would favor Sumotext, not Defendants. As discussed below, Defendants assert that the claims in this case were so baseless that Sumotext's insistence on litigating them warrants imposition of sanctions. That assertion is undercut by the fact that, on the eve of trial, Defendants apparently thought they had enough exposure on the claims to warrant a $1.7 million offer of judgment.

Accordingly, the Court concludes that Rule 68 neither authorizes nor supports Defendants' motions for sanctions.

### C.     28 U.S.C. § 1927

Section 1927 permits a court to sanction an attorney who "unreasonably and vexatiously" multiplies the proceedings in a case. 28 U.S.C. § 1927. "The key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough." *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010). "The imposition of any sanction under 28 U.S.C. § 1927 must be accompanied by a finding that the sanctioned attorney acted recklessly or in bad faith or committed intentional misconduct." *Edwards*, 796 F. App'x at 462 (quotation marks and citation omitted). Any sanction under § 1927 must be imposed against the individual attorney who engaged in the improper conduct, not against the law firm. *See Kaass Law*, 799 F.3d at 1293.

It is unclear whether Defendants actually seek sanctions against Sumotext's attorneys, despite Defendants' citations to § 1927. Neither motion acknowledges that sanctions under § 1927 may be imposed against an attorney but not against a party. Zoove does not identify any of Sumotext's attorneys by name. StarSteve's motion contains a single reference Sumotext's counsel Julie Greathouse, asserting that she "demonized" StarSteve's president, Steve Doumar, during Sumotext's opening statement. *See* StarSteve's Mot. at 5. In support of this assertion, StarSteve quotes a single sentence of the opening statement, in which Ms. Greathouse told the jury that the evidence would show Mr. Doumar met with Sumotext's customers without Sumotext's knowledge. *See id.* To the extent StarSteve seeks imposition of sanctions against Ms. Greathouse – which, again, is unclear from the briefing – it has failed to show how Ms. Greathouse's statement unreasonably and vexatiously multiplied the proceedings. The statement was consistent with Sumotext's theory of the case and indicated what Sumotext expected to prove at trial. StarSteve offers no other evidence that would support an award of sanctions against Ms. Greathouse under § 1927.

Defendants' motions for attorneys' fees and costs pursuant to § 1927 is DENIED.

### D.     Inherent Authority

A district court has "inherent authority to sanction a litigant for bad-faith conduct by ordering it to pay the other side's legal fees." *Goodyear Tire*, 137 S. Ct. at 1183-84. The court's

6

authority is limited to "the fees the innocent party incurred solely because of the misconduct – or put another way, to the fees that party would not have incurred but for the bad faith." *Id.* at 1184. The district court must make a specific finding of "bad faith or conduct tantamount to bad faith." *Fink*, 239 F.3d at 994. Bad faith "includes a broad range of willful improper conduct." *Id.* at 992. For example, "[a] finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quotation marks and citation omitted). "A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Id.* (quotation marks and citation omitted).

Zoove does not acknowledge that bad faith is the relevant standard for imposition of sanctions under a court's inherent power or even mention the term "bad faith." Under the subheading "Why the Court Should Award Fees and Costs," Zoove argues that Sumotext ignored Defendants' Rule 68 offer and therefore should be required to pay the attorneys' fees Zoove incurred between expiration of the Rule 68 offer and the jury's verdict because "[w]hat's sauce for the goose is sauce for the gander." Zoove's Mot. at 1, ECF 483. As discussed above, Rule 68 does not apply when judgment is entered for the defendant, and Zoove has cited no authority suggesting that rejection of a Rule 68 offer can constitute bad faith. Zoove also asserts that "defendants have been forced to sift through an ever-changing collection of claims," noting that Sumotext dismissed its state law claims in August 2019 and certain antitrust claims shortly before trial. Zoove's Mot. at 1, ECF 483. The state law claims survived vigorous motion practice, and the antitrust claims survived summary judgment. That Sumotext ultimately decided not to go to trial on certain claims is not evidence of bad faith.

StarSteve recites the relevant standard, bad faith, and it argues that Sumotext should be sanctioned for pursuing claims that had no legal basis. StarSteve notes that it obtained dismissal of certain claims prior to trial and ultimately prevailed on the remaining claims. That Sumotext's claims were narrowed through motion practice and ultimately defeated does not establish bad faith. StarSteve offers no evidence of the type that has supported other courts' exercise of inherent authority to impose sanctions. For example, in *Lahiri* the Ninth Circuit found that an experienced

7

copyright lawyer spent years litigating a suit that was obviously and objectively baseless. *See Lahiri*, 606 F.3d at 1221.  Here, Sumotext's antitrust claims survived summary judgment and therefore cannot be characterized as objectively baseless.  In *Lahiri*, the copyright lawyer misrepresented applicable Indian law to the district court and attempted to cause the district judge's recusal by retaining the judge's former law firm to defend him against a sanctions motion. *See Lahiri*, 606 F.3d at 1221.  Here, no such conduct has been alleged or proved.

"The bad faith requirement sets a high threshold." *Primus*, 115 F.3d at 649.  "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  Defendants have not come close to meeting the high threshold to show that Sumotext's conduct in the present case constituted or was tantamount to bad faith.

Defendants' motions for attorneys' fees and costs pursuant to the Court's inherent power is DENIED.

## IV. ORDER

Defendants' motions for attorneys' fees and costs are DENIED.

This order terminates ECF 483 and 486.

Dated: July 27, 2020

_____
BETH LABSON FREEMAN
United States District Judge

8