UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUMOTEXT CORP.,<br><br>    Plaintiff,<br><br>v.<br><br>ZOOVE, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-01370-BLF<br><br>**ORDER DENYING DEFENDANT STARSTEVE, LLC'S MOTION FOR REVIEW OF THE CLERK'S TAXATION OF E-DISCOVERY COSTS**<br><br>[Re: ECF 530] |

Defendant StarSteve, LLC ("StarSteve") has filed a Motion for Review of the Clerk's Taxation of E-Discovery Costs, arguing that the Clerk improperly denied its request for $14,804.00 in electronic discovery costs. *See* Mot., ECF 530. No response to the motion has been filed by Plaintiff Sumotext Corporation ("Sumotext") or any other party. The Court finds the motion suitable for decision without oral argument. *See* Civ. L.R. 7-1(b).

The motion is DENIED for the reasons discussed below.

**I.  BACKGROUND**

Sumotext filed this case on March 21, 2016. *See* Compl., ECF 1. The case went to trial almost four years later, on February 24, 2020. Sumotext tried two antitrust claims to a jury, asserting that StarSteve and co-defendants Zoove, Inc., Virtual Hold Technology, LLC, and VHT StarStar LLC violated federal antitrust laws by seeking to exclude Sumotext from the markets for leasing and servicing StarStar numbers in the United States. The jury rendered a verdict for Defendants on March 6, 2020 and judgment was entered for Defendants on the same date. *See* Jury Verdict, ECF 470; Judgment, ECF 471.

StarSteve filed a Bill of Costs on March 20, 2020.  *See* BOC, ECF 485.  Following meet-and-confer between StarSteve and Sumotext, StarSteve filed an Amended Bill of Costs on April 3, 2020, requesting costs in the total amount of $26,046.10.  *See* Am'd BOC, ECF 492.  StarSteve requested $11,102.10 in costs for deposition transcripts, $140.00 in costs for deposition exhibits, and $14,804.00 in costs for disclosure/formal discovery documents.  *See id.*

As to the latter category of costs, StarSteve attached explanatory documents indicating that the $14,804.00 consisted of a portion of the monthly subscription fees paid by StarSteve's counsel, Apex Law APC ("Apex"), to an electronic data discovery ("EDD") vendor, Logikcull.  *See* Attachment to Am'd BOC at 1-2, 19-63, ECF 492-1.  It appears that Apex uses Logikcull's cloud-based platform for its EDD needs in all its cases, paying Logikcull a monthly subscription fee of $1,500 for 100 GBs of data storage plus overages when additional data storage is needed or more than four users access the service.  *See id.*  A description of Logikcull's platform explains that "[d]iscovery software that is cloud-based has the added advantage of making it possible to upload, review, and produce documents online, without the delays, costs, and frustrations associated with eDiscovery approaches such as manual review, third-party vendors, or legacy software."  *Id*. at 21.

Apex "allocate[s] the portion of the charges to the clients based on their usage of the platform during the month."  Attachment to Am'd BOC at 19, ECF 492-1.  A summary table attached to the Amended Bill of Costs reflects the portion of each month's $1,500 subscription fee that Apex attributed to StarSteve.  *See id.* at 1-2.  For the months November 2016 through March 2018, Apex allocated $300 of its monthly subscription fee to StarSteve.  *See id.*  For the months April 2018 through December 2018, the allocation was $400.  *See id.*  For the months January 2019 through November 2019, the allocation to StarSteve ranged between $400 and $550.  *See id.*  Finally, for the months December 2019 and January 2020 the allocations were $717.20 and $697.20, respectively.  *See id.*  No declaration was included to explain how Apex arrived at those figures or to verify any of the facts included in the description of Logikcull's services.

The Clerk taxed costs for StarSteve on May 17, 2021, in the total amount of $10,927.30.  *See* Taxed Costs, ECF 528.  The Clerk allowed the bulk of the costs requested for deposition transcripts, denied the $140.00 requested for deposition exhibits, and denied the $14,804.00

requested for Logikcull's fees. As to the Logikcull fees, the Clerk indicated that "[s]upporting documentation does not itemize or support full amount claimed." *Id*. StarSteve filed the present Motion for Review of the Clerk's Taxation of E-Discovery Costs on May 25, 2021, seeking review of the Clerk's denial of the $14,804.00 in Logikcull fees.

## II. LEGAL STANDARD

"As a general rule, costs and fees should be awarded to the prevailing party." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 926 (9th Cir. 2015) (citing Fed. R. Civ. P. 54(d)(1)). "The clerk may tax costs on 14 days' notice." Fed. R. Civ. P. 54(d)(1). "On motion served within the next 7 days, the court may review the clerk's action." *Id*.

"[A] district court's discretion to award costs is limited to particular types of costs enumerated in 28 U.S.C. § 1920." *Id*. Section 1920 lists six categories of costs that may be recovered by a prevailing party. *See id*. As relevant here, § 1920(4) provides that taxable costs include "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This district's Civil Local Rules interpret that provision to mean that "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." Civ. L.R. 54-3(d)(2).

## III. DISCUSSION

StarSteve moves for review of the Clerk's denial of its request for $14,804.00 in fees to Logikcull. Before turning to the substance of the motion, the Court notes StarSteve's acknowledgement that the motion was due on May 24, 2021, seven days after the Clerk's taxation of costs on May 17, 2021. *See* Fed. R. Civ. P. 54(d)(1). The motion was filed shortly after 1:30 a.m. on May 25, 2021. StarSteve explains that its counsel worked diligently to file the motion before midnight on May 24, 2021, but counsel's health issues and other circumstances prevented the timely filing. *See* Mot. at 1 n.1, ECF 530. StarSteve asks that the untimeliness of its motion be excused and that the motion be considered on the merits. *See id.*

"Although a party may waive his right to move for review of costs by not filing the motion within the proper time limits, a court has discretion to review an untimely motion, notwithstanding the waiver." *Ashker v. Sayre*, No. 05-03759 CW, 2010 WL 2991667, at *1 (N.D. Cal. July 29,

3

2010); *see also U.S., ex rel. Meyer v. Horizon Health Corp.*, No. C 00-1303 SBA, 2007 WL 518607, at *3 (N.D. Cal. Feb. 13, 2007) ("[T]he timeliness requirement of Rule 54(d)(1) is not jurisdictional and therefore a court has discretion to review it on the merits."). The Court finds that StarSteve has shown good cause for the late filing, and in the exercise of its discretion the Court will consider StarSteve's motion for review of the Clerk's taxation of costs.

The Court next turns to StarSteve's contention that the subscription fees paid to Logikcull are taxable costs. StarSteve asserts that those fees constitute electronic discovery costs that properly may be taxed pursuant to § 1920(4), which provides that a court may tax "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). StarSteve also relies on Civil Local Rule 54(d)(2), which interprets § 1920(4) to mean that "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." Civ. L.R. 54-3(d)(2).

The Ninth Circuit has made clear that some electronic discovery costs may be taxable under § 1920(4). *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 932 (affirming in part and vacating in part district court's taxing of e-discovery and data management costs). For example, when copies are made in a fashion necessary to comply with the parties' agreed-upon e-discovery obligations, or with a court order, the costs are taxable so long as the copies also are "necessarily obtained for use in the case." *See id.* at 928 (quoting § 1920(4). However, "fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Id*. (quotation marks and citation omitted).

District courts within the Ninth Circuit "have allowed e-discovery costs for scanning or converting electronically-stored files into usable formats because such tasks fall within 28 U.S.C. § 1920(4)." *Left Coast Wrestling, LLC v. Dearborn Int'l LLC*, No. 17-cv-00466-LAB (NLS), 2018 WL 2948532, at *2 (S.D. Cal. June 12, 2018), *report and recommendation adopted*, No. 17-cv-466-LAB (NLS), 2018 WL 3032585 (S.D. Cal. June 19, 2018). "Courts within the Northern District have awarded costs under this provision for scanning paper documents, electronic scanning and conversion to PDF, TIFF conversion, OCR, image endorsement/Bates stamping, slip sheet preparation, blowback scanning paper documents, media hardware used for production,

1  electronically stamping Bates numbers, slipsheet preparation, blowback preparation, and OCR
2  conversion." *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-CV-00159-CW (MEJ), 2014 WL
3  5494906, at *4 (N.D. Cal. Oct. 30, 2014). "However, courts have not allowed recovery of costs
4  for the hosting of electronic data or for e-gathering and e-processing costs akin to the intellectual
5  effort involved in the production of documents or the research, analysis, and distillation of data."
6  *Left Coast Wrestling*, 2018 WL 2948532, at *2; *see also Phoenix Techs. Ltd. v. VMWare, Inc.*, No.
7  15-CV-01414-HSG, 2018 WL 4700347, at *5 (N.D. Cal. Sept. 30, 2018) ("Such e-discovery
8  storage costs or hosting fees are not taxable."); *Linex Techs.*, 2014 WL 5494906, at *4
9  ("Importantly, e-discovery hosting costs and associated fees are not compensable.").

10        StarSteve argues that the Logikcull platform is capable of performing many types of tasks
11  for which costs are taxable. Indeed, StarSteve attached to its Amended Bill of Costs a chart
12  showing sixteen different types of tasks that generally are associated with electronic discovery and
13  indicating which of those tasks *can* be performed by Logikcull. *See* Attachment to Am'd BOC at
14  22, ECF 492-1. However, the chart does not show what tasks actually *were* performed on the
15  Logikcull platform with respect to this case during any given month. Thus, it is impossible to
16  determine which of each month's fees constitute taxable costs, if any. Other courts have declined
17  to tax costs in similar circumstances. *See, e.g., Mendoza v. Lithia Motors, Inc.*, No. 6:16-CV-
18  01264-AA, 2021 WL 354108, at *5 (D. Or. Feb. 2, 2021) ("[B]ased on the invoices submitted the
19  Court cannot discern whether these costs involved some intellectual efforts or were part of normal
20  discovery retention performed by attorneys, both of which are not taxable."). Moreover, it is not
21  clear that each month's fees relate to documents that actually were produced in this litigation. "A
22  narrow construction of the statute requires concluding that costs should be awarded based on what
23  Defendant produced, not on what Defendant uploaded to its e-discovery platform." *Phoenix*
24  *Techs.*, 2018 WL 4700347, at *5.

25        StarSteve cites a decision from this district in which substantial e-discovery costs were
26  found to be taxable under § 1920(4) and Civil Local Rule 54-3(d)(2). *See Apple Inc. v. Samsung*
27  *Elecs. Co.*, No. 11-CV-01846-LHK, 2014 WL 4745933, at *11 (N.D. Cal. Sept. 19, 2014). In
28  *Apple*, "various Apple attorneys assert[ed] that Apple [sought] only the amounts associated with

5

electronic preparation and duplication, not the intellectual effort involved in the production, such as searching or analyzing the documents." *Id*. Additionally, the supporting declarations in *Apple* represented "that costs associated with hosting the data, software user license fees, and vendor consulting time have not been included." *Id*. StarSteve did not submit any such attorney declarations to the Clerk.

StarSteve has submitted to this Court a declaration of its counsel, Thomas N. Fitzgibbon, who is the managing shareholder in Apex. *See* Fitzgibbon Decl., ECF 530. Mr. Fitzgibbon states that the $14,804.00 in fees to Logikcull "were required to use the service so I could efficiently and completely produce electronic documents in response to discovery propounded by the other parties and comply with the E-Discovery Order (ECF No. 113)." *Id*. ¶ 5. Mr. Fitzgibbon represents that "[t]hese activities can all be recovered consistent with Section 1920 as explained in the table on pages 21-23 of the Amended Bill of Costs as they were not solely for the convenience of counsel and did not include any type of individual review charges by persons doing searching or manipulating the data." *Id*. ¶ 2. As discussed above, the table provided with the Amended Bill of Costs does not show what activities actually were performed on the Logikcull platform with respect to this case, or when. Mr. Fitzgibbon's declaration simply does not provide the Court with enough specificity to conclude that the $14,804.00 in fees to Logikcull constitute taxable costs under the authorities discussed above.

The Court finds that the Clerk properly disallowed the $14,804.00 in Logikcull fees. StarSteve's Motion for Review of the Clerk's Taxation of E-Discovery Costs is DENIED.

## IV. ORDER

(1) StarSteve's Motion for Review of the Clerk's Taxation of E-Discovery Costs is DENIED; and

(2) This order terminates ECF 530.

Dated: August 23, 2021

_____
BETH LABSON FREEMAN
United States District Judge

6