UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUMOTEXT CORP.,<br><br>          Plaintiff,<br><br>     v.<br><br>ZOOVE, INC., et al.,<br><br>          Defendants. | Case No.  16-cv-01370-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO QUASH WRIT OF EXECUTION AND STAY ENFORCEMENT OF COSTS-ONLY JUDGMENT OR, IN THE ALTERNATIVE, TO PERMIT PLAINTIFF TO POST A SUPERSEDEAS BOND; AND VACATING HEARING ON MOTION**<br><br>[Re: ECF 537] |

This order addresses what presumably will be the last motion filed in this protracted litigation. Following the jury's defense verdict, this Court entered judgment for Defendants, ordering that "Plaintiff shall take nothing by its suit and Defendants shall recover from Plaintiff the costs of suit according to proof." Judgment, ECF 471. The clerk taxed costs in the amount of $133,795.50 against Plaintiff Sumotext Corporation ("Sumotext") and for Defendants Zoove, Inc., Virtual Hold Technology, and VHT StarStar (collectively, "Zoove").[1]  *See* Taxed Costs, ECF 529. On September 9, 2021, Zoove obtained a writ of execution on the costs-only judgment. *See* Writ of Exec., ECF 533.

On October 14, 2021, Sumotext filed a motion to quash the writ of execution and stay enforcement of the costs-only judgment pending resolution of its then-pending appeal or, alternatively, to allow it to obtain a stay pending appeal by posting a supersedeas bond pursuant to Federal Rule of Civil Procedure 62(b). *See* Mot. to Quash, ECF 537. Before Zoove's opposition

---

[1] The clerk separately taxed costs in the amount of $10,927.30 against Sumotext and for Defendant StarSteve LLC.  *See* Taxed Costs, ECF 528.

brief was filed, however, the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") issued a memorandum affirming the judgment. *See Sumotext Corp. v. Zoove, Inc.*, No. 20-17245, 2021 WL 4988024 (9th Cir. Oct. 27, 2021). Zoove filed an opposition brief the next day, arguing among other things that the motion is moot. *See* Opp., ECF 541. Sumotext filed a reply disputing Zoove's characterization of its motion as moot, pointing out that the Ninth Circuit's memorandum was not yet final because a petition for panel rehearing and/or a petition for rehearing en banc could be filed. *See* Reply, ECF 544. Sumotext filed a petition for panel rehearing on November 10, 2021, which was denied by the Ninth Circuit on November 12, 2021. *See* Ninth Cir. Order, ECF 545. Sumotext did not file a petition for rehearing en banc.

In light of the Ninth Circuit's affirmance of the judgment and denial of Sumotext's petition for panel rehearing, Sumotext's current motion is moot. In its notice of motion, Sumotext states that it seeks an order quashing the writ of execution and staying enforcement proceedings "pending resolution of the appeal." Mot. to Quash at 2, ECF 537. The appeal has been resolved. While the mandate has not yet issued, Federal Rule of Appellate Procedure 41 provides in relevant part that, unless a different time is set by the appellate court, "[t]he court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing." Fed. R. App. P. 41(b). As the mandate is expected to issue in a matter of days, this Court finds no reason to delay its ruling on Sumotext's motion.

Accordingly, Sumotext's motion to quash the writ of execution and stay enforcement of the costs-only judgment pending appeal is DENIED AS MOOT. The hearing on the motion set for March 10, 2022 is VACATED.

IT IS SO ORDERED.

Dated: November 18, 2021

_____
BETH LABSON FREEMAN
United States District Judge